UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>-vs-<br><br>QUANTAVIOUS RILEY,<br>Defendant. | CR 07-10007<br><br>REPORT AND RECOMMENDATIONS<br>CONCERNING ADMISSIONS TO<br>PETITION TO REVOKE SUPERVISED RELEASE<br>AND ORDER OF DETENTION |

Hearings in this case were held held by Magistrate Judge William D. Gerdes pursuant to the Standing Order of designation in effect for the Northern Division of the District of South Dakota. A hearing was held in this case on June 2, 2010. Defendant requested a preliminary hearing and a detention hearing. Those hearings were scheduled for June 4, 2010.

A hearing was held in this case on June 4, 2010. Plaintiff United States of America appeared by Assistant United States Attorney Jay Miller. Defendant appeared personally and with his attorney, Gina J. Rogers.

On June 4, 2010, Defendant waived his right to a preliminary hearing and waived his right to a detention hearing. Defendant admitted that he had previously been placed on Supervised Release, that the allegations set forth in paragraphs numbered 1 and 6 of the Petition to Revoke Supervised Release, Docket No. 156, are true and that he had violated the terms and conditions of his Supervised Release as set forth below. After examining Defendant, the Court found that his admissions were knowingly and voluntarily made and that a factual basis existed for the same and now makes the following proposed findings of fact:

1. On October 1, 2007, Defendant was sentenced for the offense of Conspiracy to Distribute and Possess With Intent to Distribute a Controlled Substance. Defendant was sentenced to a period of incarceration followed by a period of Supervised Release.

2. Defendant's Supervised Release commenced on November 19, 2007.

3. Conditions of Supervised Release included:

a. Standard Condition No.7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician; and

b. Standard Condition No.6: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

4. The defendant is fully aware of the conditions of his Supervised Release.

5. The defendant violated the conditions of his Supervised Release as follows:

a. From on or about January 1, 2010 to June 16, 2010 at Mobridge, SD, Quantavious Riley did use and posses a controlled substance, that is, marijuana, in violation of Standard Condition No.7 of the Conditions of Supervised Release; and

b. On or about May 12, 2010, at Mobridge, SD, Quantavious Riley did fail to notify his probation officer 10 days prior to any change in residence and appears to have absconded from supervision, in violation of Standard Condition No.6 of the Conditions of Supervised Release.

6. Based on the foregoing, the Court recommends that the defendant's admissions be accepted, that his Supervised Release be revoked and that a dispositional hearing be held pursuant to applicable law.

There being no objection from Defendant or counsel, it is hereby

ORDERED that a Supplemental Presentence Investigation Report shall be forthwith prepared by the United States Probation Office. It is further

ORDERED that Defendant shall remain committed to the custody of the Attorney General or his designated representative for confinement in an appropriate corrections/detention facility pending the holding of his dispositional hearing or until further order of a judicial officer of this District.

Dated June 4, 2010 at Aberdeen, South Dakota.

William D. Gerdes
US Magistrate Judge

**NOTICE**

**Failure to file written objections to the within and foregoing Report and Recommendations for Disposition within ten (10) days from the date of service shall bar an aggrieved party from attacking such Report and Recommendations before the assigned United States District Judge. See 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b).**